UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVALON SURGERY AND ROBOTIC CENTER, LLC, a California limited liability company,<br><br>Plaintiff,<br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Connecticut Corporation DBA CONNECTICUT GENERAL LIFE INSURANCE COMPANY, an operating subsidiary of Cigna Corporation; EMBASSY OF THE STATE OF KUWAIT, an entity representing the government of the State of Kuwait in the United States; KUWAIT CULTURAL OFFICE, a specialized agency of the government of the State of Kuwait; and DOES 1 THROUGH 10 inclusive,<br><br>Defendants. | Case No. 2:20-cv-05744 DSF (JEMx)<br>Hon. Dale S. Fischer<br><br>[~~PROPOSED~~] QUALIFIED HIPAA PROTECTIVE ORDER [Discovery Document: Referred to Magistrate Judge John E. McDermott]<br><br><br>Complaint Filed: April 8, 2020 |

1

1. In accordance with, and as defined by, the regulations promulgated under the Health Insurance Portability and Accountability Act, specifically 45 C.F.R. part 164.512(e)(1)(ii) and (v), the Court hereby enters a HIPAA Qualified Protective Order (QPO).

2. GOOD CAUSE STATEMENT: This matter involves medical service payment disputes. Discovery in this matter requires disclosure of sensitive patient information and medical records protected under HIPAA. To ensure safeguards for patients' protected health information ("PHI"), the parties seek to enter in to this QPO to further protect patient medical records produced and medical information disclosed in this matter.

3. Pursuant to this QPO, all parties to this lawsuit are:

a) prohibited from using or disclosing any protected heath information (PHI) produced or disclosed by a party in this case, for any purpose other than the litigation of the above-styled lawsuit; and

b) required to destroy all copies of the PHI (including permanent deletion of electronically-stored copies of the PHI), or to return them to the disclosing entity at the conclusion of the above-styled lawsuit.

4. For purposes of this QPO, "conclusion" is understood to include the time for any records retention requirement and statute of limitations applicable to a party or a party's counsel. "Litigation" is understood to include all appellate proceedings or the expiration of time to commence such appellate proceedings without appeal.

5. Pursuant to 45 C.F.R. part 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, the parties and their witnesses are expressly and specifically authorized to use or to disclose to the attorneys, agents, employees, and designees of each party or each party's legal counsel in this case PHI pertaining to the medical service claims referenced in the complaint.

6. The authorizations and orders set forth herein expressly include PHI concerning psychological and mental health records, disability status and records, substance abuse and treatment history, and HIV status, as well as records concerning other sexually transmitted diseases if so requested.

7. Pursuant to 45 C.F.R. section 164.512(e)(1)(i) and for purposes of HIPAA compliance, without waiver of any objection or privilege, any person or entity authorized or ordered above to use or disclose PHI with, to, or before any court reporter service, videographer service, translation service, photocopy service, document management service, records management service, graphics service, or other such litigation service, designated by a party or a party's legal counsel in this case. The protections and requirements of paragraph 2 of the QPO apply to such service providers. Each party or the party's legal counsel is charged with obtaining advance consent of such service to comply with this paragraph. Upon such consent, the service provider will be deemed to have voluntarily submitted to this Court's jurisdiction during the pendency of the above-styled matter for purposes of enforcement of this order.

8. Unless a motion for enforcement of the QPO has been filed in this case and remains pending at the time, the QPO shall expire upon the conclusion of the litigation as defined in paragraph 3.

9. This QPO is self-executing and effective upon entry.

10. A copy of this QPO shall be valid as an original.

**IT IS SO ORDERED**

DATED: 11/18/2020

John E. McDermott
Magistrate Judge